UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ARISTOTLE NAPOLEON MARR, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO.   C07-474-RAJ-MJB |
| | ) | |
| v. | ) | |
| | ) | |
| BELINDA STEWART, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Aristotle Marr is a state prisoner who is currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks relief under 28 U.S.C. § 2254 from his 2002 King County Superior Court conviction on a charge of first degree assault. Respondent filed an answer to the petition together with relevant portions of the state court record. Petitioner filed a response in support of his petition and respondent, at the Court's direction, filed a reply in support of her answer. The briefing is now complete and this matter is ripe for review. The Court, having reviewed the briefing of the parties, and the balance of the record, concludes that petitioner's federal habeas petition should be denied and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

# FACTUAL/PROCEDURAL HISTORY

The Washington Court of Appeals, on direct appeal, summarized the facts relevant to petitioner's convictions as follows:

> Marr and his accomplice, Daniel Delfierro, both of whom were armed with firearms, robbed a branch of Bank of America in June 2000. Both attempted to flee the scene of the crime. Delfierro died of a gunshot wound at the scene after shooting a pursuing police officer.
>
> Marr escaped. He unsuccessfully attempted to carjack a car in an apartment parking lot. He then fled to the nearby residence of Ellen and Richard Germain, where he armed himself with a kitchen knife, threatened and hit Mr. Germain, gagged and bound the couple with a utility cord and duct tape, and attempted to convince Mrs. Germain to drive him to Everett. After some time, Marr made a phone call and asked Mrs. Germain to give directions to their home. Thirty minutes later Marr left their home.
>
> The State charged Marr with six felony counts: robbery 1, assault 1, attempted robbery 2, burglary, and two counts of kidnapping 1.[1] Marr remained a fugitive until he finally surrendered to authorities about seven months after the charges.
>
> In March 2002, Marr entered into a negotiated, written plea agreement. Part of the plea agreement allowed either party to withdraw from it in which event the State was free to refile the original six charges. At the plea hearing, the State, Marr, his counsel, and the judge made a record with respect to the plea agreement and second amended information. Thereafter, Marr pleaded guilty to the charges in that information, and the court accepted his plea.
>
> At a subsequent sentencing hearing, the court sentenced Marr to 277 months for first degree assault, which was at the high end of the standard range. The sentences for the other convictions ran concurrently for lesser terms.

(Dkt. No. 8, Ex. 4 at 2-3.)

Petitioner appealed his conviction on the first degree assault charge, and his sentence, to the Washington Court of Appeals. (*Id.*, Exs. 5 and 8.) The Court of Appeals affirmed petitioner's

---

[1] [Court of Appeals footnote 1] The kidnapping charges were later reduced to unlawful imprisonment charges in an amended information.

REPORT AND RECOMMENDATION
PAGE - 2

judgment and sentence on January 12, 2004. (Dkt. No. 8, Ex. 4.) Petitioner thereafter filed a petition for review in the Washington Supreme Court. Petitioner presented the following issues to the Supreme Court for review:

> 1. Due process requires a knowing, intelligent, and voluntary guilty plea. To satisfy this requirement, there must be a factual basis for the plea, meaning sufficient evidence in the record from which a jury could find the defendant guilty. Where there is no such evidence to support petitioner's conviction for assault, does his plea violate due process?
>
> 2. In finding sufficient evidence to support the plea, the Court of Appeals' decision conflicts with prior precedent from this Court. Is review appropriate under RAP 13.4(b)(1)?
>
> 3. The Court of Appeals held that if there were an insufficient factual basis for the assault plea, the entire plea agreement would be vacated and the parties returned to the status quo ante under this Court's decision in State v. Turley. Other decisions from this Court – State v. Miller and In re Keene – indicate that petitioner could choose to vacate his plea only on the assault, leaving the rest of the agreement intact. Is review warranted under RAP 13.4(b)(4) because the remedy in this situation is an issue of substantial public interest that should be clarified by this Court?

(*Id.*, Ex. 9 at 1-2 (footnotes omitted).)

The Washington Supreme Court denied review without comment on October 6, 2004. (*Id.*, Ex. 10.) The Washington Court of Appeals issued its mandate terminating direct review on November 3, 2004. (*Id.*, Ex. 11.)

On November 3, 2005, petitioner filed a motion to vacate his judgment and sentence and to withdraw his guilty plea to the first degree assault charge in the King County Superior Court. (*See id.*, Exs. 12 and 13.) Upon motion of the State, the Superior Court transferred petitioner's motion to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id.*, Exs. 14 and 15.) The Court of Appeals dismissed the petition on November 6, 2006. (*Id.*, Ex. 16.)

REPORT AND RECOMMENDATION
PAGE - 3

Petitioner next filed a motion for discretionary review in the Washington Supreme Court. (Dkt. No. 8, Ex. 17.) Petitioner presented the following issues to the Supreme Court for review:

> This Court's decision in <u>Stein</u> made clear, for the first time, that <u>Pinkerton</u> liability (vicarious liability for acts committed by a coconspirator in the course of a conspiracy) is impermissible under Washington law.
>
> 1.     Did Marr's conviction of assault, based solely on his factual statement that someone else – his accomplice in the robbery – shot the officer who responded, without any admission that Marr himself intended the shot, knew the shot would be taken, or even that he furthered, aided, or helped, the shot, violate <u>Stein</u>?
>
> 2.     The decision on direct appeal did not mention this Court's newly decided <u>Stein</u> case. Is the Stein argument sufficiently different from the <u>Sarausad</u> issue dealt with on direct appeal that it can be raised in a PRP as either a new issue, or a "just" reason for revisiting the old <u>Sarausad</u> issue?

(Dkt. No. 8, Ex. 17 at 1-2.)

On December 12, 2006, the Supreme Court Commissioner issued a ruling denying review. (*Id.*, Ex. 18.) Petitioner thereafter filed a motion to modify which was denied on March 7, 2007. (*Id.*, Exs. 19 and 20.) On March 28, 2007, the Court of Appeals issued its certificate of finality in petitioner's personal restraint proceedings. (*Id.*, Ex. 21.) Petitioner now seeks federal habeas review of his conviction.

## GROUNDS FOR RELIEF

Petitioner presents this Court with a single ground for relief. Petitioner summarized his claim as follows in his memorandum in support of his petition:

> THE STATE SUPREME COURT EXPLICITLY REJECTED VICARIOUS STRICT LIABILITY FOR THE CRIMES OF ANOTHER IN *ROBERTS* (FOR ACCOMPLICES) AND IN *STEIN* (FOR CONSPIRATORS). UPHOLDING MR. MARR'S GUILTY PLEA TO ASSAULT BASED SOLELY ON THE FACT THAT HIS PARTNER IN ROBBERY COMMITTED AN ASSAULT IS THEREFORE BASED ON A NON-EXISTENT THEORY OF LIABILITY; IT IS A CONVICTION WITHOUT A FACTUAL BASIS.

(Dkt. No. 1, Memorandum in Support at 14.)

## DISCUSSION

### Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.  The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable."  *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).

"Clearly established Federal law," for purposes of AEDPA, means "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Id*. at 71-72.  "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law."  *Brewer v. Hall*, 378

REPORT AND RECOMMENDATION
PAGE - 5

F.3d 952, 955 (9th Cir. 2004) (citing *Dows v. Wood*, 211 F.3d 480, 485-86 (9th Cir. 2000)).

<u>Validity of Guilty Plea</u>

Petitioner asserts in his federal habeas petition that his conviction for first degree assault violates his due process rights. Petitioner contends that neither his written plea statement, nor his verbal statements at the plea hearing, were sufficient to establish liability for the crime of first degree assault. Petitioner does not dispute that he admitted in both his plea statement, and in his verbal statements at the plea hearing, that he was "an accomplice to another assaulting a police officer with a firearm with intent to inflict great bodily harm." However, petitioner now contends that because his factual statements made in support of his plea contain no facts showing that he knew about the assault, intended the assault, or did anything to assist in the assault, his conviction was necessarily based upon a theory of strict accomplice liability, a theory which does not exist under Washington law. Petitioner thus argues that his conviction violated federal due process protections because it was based on a non-existent theory of liability. Petitioner further argues that his plea lacked a factual basis, and that it was not knowing, intelligent, and voluntary.

    a. <u>Non-Existent Theory of Liability</u>

Petitioner argues that his conviction on the charge of first degree assault violates the due process principles announced by the United States Supreme Court in *Fiore v. White*, 531 US. 225 (2001), because it was based on the non-existent theory of strict accomplice liability.[2] Petitioner relies on the Ninth Circuit's recent decision in *Sarausad v. Porter*, 479 F.3d 671 (9th Cir. 2007), to support his assertion that strict accomplice liability may no longer serve as the basis for a conviction

---

[2] Petitioner references another Supreme Court case in his argument as well, *Bunkley v. Florida*, 538 U.S. 835 (2003). However, in *Bunkley* the Supreme Court merely applied the due process principles announced in *Fiore*. The details of that case are unimportant here and do not merit independent discussion. *See Bunkley*, 538 U.S. at 840.

REPORT AND RECOMMENDATION
PAGE - 6

in Washington.  Neither *Fiore* nor *Sarausad* provide petitioner any basis for relief in these federal habeas proceedings.

In *Fiore*, the defendant was convicted of violating a Pennsylvania statute which prohibited the operation of a hazardous waste facility without a permit.  *Fiore*, 531 U.S. at 227.  In fact, the defendant, Fiore, had a permit, but operated his facility in a fashion that deviated from the terms of the permit.  *Id*.  After Fiore's conviction became final, the Pennsylvania Supreme Court interpreted the statute under which Fiore was convicted in such a way as to suggest that he should not have been convicted as charged because his conduct did not fall within the scope of the statute.  Specifically, the Pennsylvania Supreme Court ruled, upon review of the conviction of Fiore's co-defendant, that the statute only made it unlawful to operate a facility without a permit and that one who merely deviated from the terms of a permit did not violate the statute.  *Id*.

In response to a certified question of the United States Supreme Court in *Fiore*, the Pennsylvania Supreme Court stated that its interpretation of the relevant state statue in the case of Fiore's co-defendant did not announce a new rule but merely clarified the plain language of the existing statute.  *Id*. at 228.  The Pennsylvania Supreme Court further stated that its interpretation constituted a proper statement of the law at the time Fiore's conviction became final.  *Id*.  Given the Pennsylvania court's interpretation of state law as it existed at the time Fiore's conviction became final, the United States Supreme Court necessarily concluded that Fiore's conviction violated due process because the state had not proved every element of the crime of which he was convicted.  *Id*. at 228-29.

Petitioner here emphasizes in his reply brief, and correctly so, that *Fiore* and *Bunkley* stand for the principle that a person cannot be convicted of, and punished for, a crime if the critical elements of that crime are not proven.  (*See* Dkt. No. 9 at 10.)  Petitioner argues that this same

REPORT AND RECOMMENDATION
PAGE - 7

principle applies to guilty pleas and that a person therefore cannot be convicted of, and punished for, a crime which does not exist. (*Id.*) Of course, in this case, petitioner was convicted of a crime which does exist under Washington law, *i.e.*, first degree assault. And, he was convicted after entering a guilty plea to that crime and admitting that he had acted as an accomplice in the commission of the crime.[3]

The United States Supreme Court has made clear that "a guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466. More particularly, the Supreme Court has explained that a guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). When petitioner pleaded guilty to the assault charge set forth in the second amended information, he admitted to all of the factual and legal elements necessary to support that charge. Petitioner cannot now challenge his conviction on the grounds that one of the required elements of the charged offense is absent or that the state could not have proven each of the required elements of the offense. Petitioner's claim that his conviction was based on a non-existent theory of liability must therefore fail.

//

//

---

[3] Petitioner appears to be of the belief that the Ninth Circuit's decision in *Sarausad*, *supra*, somehow supports his contention that he was convicted based upon a non-existent theory of strict accomplice liability. However, while the Ninth Circuit, in *Sarausad*, discussed at some length Washington's law of accomplice liability, it did so in the context of deciding whether there was sufficient evidence to support a conviction under an accomplice liability theory and whether ambiguous jury instructions pertaining to the law of accomplice liability, in combination with the prosecutor's alleged misstatement of the law during closing arguments, relieved the state of its burden of proof. *See Sarausad*, 479 F.3d 671. Nothing in the *Sarausad* decision provides any useful guidance in this case regarding the validity of petitioner's guilty plea.

REPORT AND RECOMMENDATION
PAGE - 8

b. <u>Factual Basis/Voluntariness</u>

Petitioner next asserts that because he did not admit to having the requisite *mens rea* for the crime of assault or accomplice to assault, there was not a sufficient factual basis to support his plea. He also asserts that he was not properly advised of the elements of the crime to which he pleaded guilty, specifically, the mental element, and, thus, his plea was not voluntary.

As to petitioner's "factual basis" claim, respondent correctly argues that there is no United States Supreme Court precedent which holds that a state court must establish a factual basis before accepting a guilty plea, nor is there any United States Supreme Court precedent which holds that a guilty plea lacking a factual basis violates due process. In the absence of any clearly established federal law which supports the rule that petitioner advances in support of his claim, the claim must fail because the state court's decision with respect to that claim cannot be contrary to or an unreasonable application of clearly established federal law. *See Brewer*, 378 F.3d at 955.

Not only is there an absence of Supreme Court authority supporting petitioner's factual basis claim, the circuit courts have generally held that the Constitution does not require a state court to establish a factual basis for a guilty plea before the plea is entered. *See*, *e.g.*, *Rodriguez v. Ricketts*, 777 F.2d 527 (9th Cir. 1985), *Matthew v. Johnson*, 201 F.3d 353, 365 n. 16 (5th Cir. 2000); *Meyers v. Gillis*, 93 F.3d 1147, 1151 (3rd Cir. 1996); *Higgason v Clark*, 984 F.2d 203, 207-08 (7th Cir. 1993). The courts have made clear that the relevant inquiry in evaluating the constitutional sufficiency of a guilty plea is "whether the plea represents a voluntary and intelligent choice." *See Higgason*, 984 F.2d at 207-08 (7th Cir. 1993) (citing *Alford v. North Carolina*, 400 U.S. 25, 31 (1970)).

A guilty plea is voluntary only if the defendant was made fully aware of the direct consequences of the plea and the plea was not the result of threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970). A guilty plea is intelligently made if

REPORT AND RECOMMENDATION
PAGE - 9

the defendant was advised by competent counsel, was made aware of the true nature of the charges against him, and nothing in the record indicates that he was incompetent. *Id*. at 756. When considering the voluntariness of a plea, a reviewing court must examine all of the relevant circumstances surrounding the plea. *Brady v. United States*, 397 U.S. at 749.

The Court of Appeals, on direct review of petitioner's conviction, rejected petitioner's challenge to the validity of his guilty plea and concluded that the plea was, in fact, voluntary. Petitioner fails to demonstrate that the conclusion of the Washington Court of Appeals with respect to the validity of his guilty plea was contrary to or constituted an unreasonable application of clearly established federal law, or that the court's conclusion was based on an unreasonable determination of the facts in light of the evidence presented.

Petitioner was charged by way of a second amended information with one count of robbery in the first degree, one count of assault in the first degree, one count of attempted robbery in the second degree, one count of burglary in the first degree, and two counts of unlawful imprisonment. (Dkt. No. 1, Memorandum in Support, Appendix C.) The assault charge was set forth as follows in the second amended information:

> And I, Norm Maleng, Prosecuting Attorney aforesaid further do accuse ARISTOTLE NAPOLEON MARR of the crime of **Assault in the First Degree**, based on a series of acts connected together with another crime charged herein, and which crimes were so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the other, committed as follows:
>
> That the defendant ARISTOTLE NAPOLEON MARR & DANIEL DELFIERRO in King County, Washington on or about June 22, 2000, with intent to inflict great bodily harm, did assault Officer Wesley Buxton with a firearm and force and means likely to produce great bodily harm or death, to-wit: a semi-automatic pistol;
>
> Contrary to RCW 9A.36.011(1)(a), and against the peace and dignity of the

REPORT AND RECOMMENDATION
PAGE - 10

State of Washington.

(Dkt. No. 1, Memorandum in Support, Appendix C at 1-2.)

Prior to entry of his guilty plea, petitioner executed a document entitled "Statement of Defendant on Plea of Guilty." (*Id*., Appendix D.) That statement contains an acknowledgment that petitioner was informed of the charges against him and of the elements of the crimes as set forth in the information. (*Id*., Appendix D at 1.) The statement also contains a description of the facts which formed the basis of petitioner's guilty plea to the assault charge:

> On 6/22/00 I committed a robbery where the other person shot at a police officer in flight from the crime; I was therefore an accomplice to another assaulting a police officer with a firearm with intent to inflict great bodily harm. These acts occurred in King County, WA[.]

(*Id*., Appendix D at 10.)

At the plea hearing, the following colloquy took place between the prosecutor and petitioner:

> MR. FOGG:   . . . As to Count II it says that on June 22nd, 2000, I committed a robbery where the other person shot at a police officer. I was therefore an accomplice to another assaulting a police officer with a firearm with intent to inflict great bodily harm. These acts occurred in King County Washington. With respect – I have a question or two about that, Mr. Marr. Understanding that you did not shoot at the police officer, you have discussed the concept of accomplice liability with your attorney; is that correct?
>
> THE DEFENDANT:  Yes.
>
> MR. FOGG:   And you understand that notwithstanding the fact that you, personally, didn't shoot at the police officer, you still legally are accountable as an accomplice to that shooting; do you understand that?
>
> THE DEFENDANT:  Yes.
>
> MR. FOGG:   Have you discussed that with your attorney?
>
> THE DEFENDANT:  Yes.

(Dkt. No. 1, Memorandum in Support, Appendix E at 14-15.)

REPORT AND RECOMMENDATION
PAGE - 11

After reading into the record petitioner's statement of what he did that made him guilty of each of the charged offenses, the prosecutor asked petitioner if it was a true statement. (*See id.*, Appendix E at 14-16.) Petitioner responded in the affirmative and acknowledged to the prosecutor that he adopted the statement as his own. (*Id.*, Appendix E at 16.) Petitioner subsequently acknowledged to the court, upon further inquiry, that he was adopting the statements set forth in the Statement of Defendant on Plea of Guilty as his own. (*Id.*, Appendix E at 18-20.) Petitioner thereafter entered a guilty plea to all charges and that plea was accepted by the court. (*Id.*, Appendix E at 20-21.)

Petitioner contends in these proceedings that his guilty plea to the assault charge was not voluntary because he was not properly advised of all of the elements of the offense. However, petitioner acknowledged at the time he entered his plea that he understood the charges, that he understood the elements of the crimes charged, and that he had discussed the concept of accomplice liability with his attorney and understood that he was legally accountable as an accomplice for the crime of assault. (*See id.*, Appendix E.) These statements, offered under oath at petitioner's plea hearing, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner fails to rebut this presumption. As the record supports the conclusion that petitioner's guilty plea was knowingly and voluntarily made, this Court recommends that petitioner's federal habeas petition be denied.

//

//

//

REPORT AND RECOMMENDATION
PAGE - 12

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition be denied, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 27th day of February, 2008.

MONICA J. BENTON
United States Magistrate Judge